# UNITED STATES DISTRICT COURT
for the

Middle District of Tennessee

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 25-mj-4106 |
| ) | |
| CARLOS ALBERTO DIAZ-CHAVEZ ) | |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **February 27, 2025** in the county of **Williamson** in the **Middle** District of **Tennessee**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 922(g)(5) | Alien in Possession of a Firearm, |
| 18 U.S.C. Section 922(o) | Possession of a Machinegun, |
| 21 U.S.C. Section 841(a)(1) | Possession with Intent to Distribute Methamphetamine, |
| 18 U.S.C. Section 924(c) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime. |

This criminal complaint is based on these facts:

See Attached Statement

☑ Continued on the attached sheet.

/s/ Joseph Heino
*Complainant's signature*

Joseph Heino, ATF SA
*Printed name and title*

Sworn to me remotely by telephone, in compliance with Fed. R. Crim. P. 4.1.

Date: March 27, 2025

*Judge's signature*

City and state: Nashville, Tennessee

United States Magistrate Judge Alistair E. Newbern
*Printed name and title*

# STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT

I, Joseph Heino, being first duly sworn on oath, state as follows:

1. I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I have been employed in this capacity with the ATF since September 2023. Prior to being employed by ATF, I was employed by the Escambia County (Florida) Sheriff's Office, beginning in 2018. In my law enforcement career, I have participated in numerous criminal investigations including those that fall under the investigative jurisdiction of the ATF such as the unlawful possession of firearms and violations of the Drug Control Act.

2. This affidavit is submitted in support of a Criminal Complaint for the arrest of Carlos Alberto DIAZ-CHAVEZ for the unlawful possession of a firearm by a person illegally or unlawfully in the United States, in violation of Title 18, United States Code, Sections 922(g)(5) and 924; unlawful possession of a machinegun, in violation of Title 18, United States Code, Sections 922(o) and 924; possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United State Code, Section 924(c).

3. The facts contained in this statement are based on knowledge or information learned during this investigation from other law enforcement sources and law enforcement reports related to the investigation. This statement does not provide each and every detail known by me regarding this investigation, but rather provides information necessary to establish probable cause for the arrest of DIAZ-CHAVEZ for the offenses outlined in the preceding paragraph. Except where indicated, all statements referred to below are set forth in substance and in part, rather than verbatim.

4. On February 17, 2025, Williamson County Sheriff's Office (WCSO) Deputy

1

Sheriff Guzman was in the area of Interstate 65 near the 67-mile marker. Deputy Guzman observed a silver Toyota Camry that failed to move over into the next lane for a vehicle stopped on the side of Interstate 65 with its emergency lights on, in violation of Tennessee law. Deputy Guzman activated the emergency lights on his patrol vehicle to stop the Camry, at which point the vehicle came to a stop.

5. Deputy Guzman approached the Camry and knocked on the passenger side window to speak with the occupants. The vehicle then accelerated at a high rate of speed and fled from law enforcement. WCSO Deputies deployed spike strips on Interstate 65 to disable the wheels of the vehicle. The Camry's tires were struck by the spike strips and the Camry continued to drive towards Spring Hill, Tennessee. The Camry came to a stop by crashing into a guardrail in Spring Hill.

6. Three occupants ran on foot from the vehicle. DIAZ-CHAVEZ was observed exiting the rear passenger seat carrying a backpack. WCSO Deputies pursued and apprehended DIAZ-CHAVEZ. A search of DIAZ-CHAVEZ's backpack incident to arrest yielded a purple Palmetto State Armory, Model: PA-15, Caliber: Multi firearm, a bag containing approximately 15 grams of methamphetamine, 14 additional individual plastic baggies of methamphetamine weighing approximately 0.2 grams each, and a black digital scale.

7. WCSO Deputies conducted a search of the Toyota Camry and located two more firearms inside of the vehicle; a Glock, Model: 17, Caliber: 9x19 mm, and a Ruger, Model: Single-Six, Caliber: 22. DIAZ-CHAVEZ was arrested on state charges and transported to the Williamson County Jail.

8. On February 25, 2025, I viewed the seized firearms at the Williamson County Sheriff's Office. I observed a device installed in the rear of the fire control cavity of the Palmetto

State Armory, Model: PA-15. Based on my training and experience, the device was consistent with a machinegun conversion device.

9. On February 26, 2025, law enforcement conducted a custodial interview of DIAZ-CHAVEZ at the Williamson County Sheriff's Office. Prior to the interview, DIAZ-CHAVEZ was provided *Miranda* warnings, in Spanish, by way of a written document. He waived his rights and agreed to speak with law enforcement.

10. DIAZ-CHAVEZ admitted to being in possession of the Palmetto State Armory, PA-15, the Glock, Model: 17, and the Ruger Single-Six. DIAZ-CHAVEZ stated he used the firearms for protection while he sold narcotics in the Nashville area.

11. DIAZ-CHAVEZ was aware the Palmetto State Armory, PA-15, was a machinegun. He purchased the firearm to have "more firepower" to protect himself while he sold narcotics in the Nashville area.

12. DIAZ-CHAVEZ admitted he is from the country of Honduras. He entered the United States illegally in 2019, and he has stayed in the Middle Tennessee and Northern Alabama area since his arrival. During his time in the United States, he has not applied for United States citizenship.

13. On March 18, 2025, I sent photographs of the machinegun conversion device in the Palmetto State Armory PA-15 for preliminary review to an ATF Firearms Enforcement Officer (FEO). The FEO reviewed photographs of the device installed in the rear fire control cavity of the Palmetto State Armory PA-15, and determined it to be consistent in size, shape, and configuration with all other AR-type machinegun conversion devices of this style he has encountered as a FEO.

14. An ATF Firearms Interstate Nexus Expert determined that the Glock, Model: 17, Caliber: 9x19 mm, and the Ruger, Model: Single-Six, Caliber: 22 are firearms as defined by Title

18, United States Code, Section 921(a)(3), and that the firearms were not manufactured in the State of Tennessee; and, therefore at some point in time, traveled in and affected interstate or foreign commerce.

15. On March 25, 2025, I used an agency-issued field test kit on the baggie containing approximately 15 grams of methamphetamine. The field test indicated positive for the presence of methamphetamine.

16. Methamphetamine is a schedule II controlled substance.

17. All the described events occurred in Williamson County, located in the Middle District of Tennessee.

18. Based on the foregoing facts, I submit there is probable cause to believe that Carlos A. DIAZ-CHAVEZ committed the offenses of unlawful possession of a firearm by a person illegally or unlawfully in the United States, in violation of Title 18, United States Code, Sections 922(g)(5) and 924; unlawful possession of a machinegun, in violation of Title 18, United States Code, Sections 922(o) and 924; possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); and possession of a firearm in furtherance of a trafficking crime, in violation of Title 18, United State Code, Section 924(c),and respectfully request that a warrant be issued for his arrest.